DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the October 21, 2003 judgment of the Lucas County Court of Common Pleas, which sentenced appellant to consecutive terms of imprisonment following his conviction of three counts of sexual battery, a violation of R.C.2907.03(A)(5). Upon consideration of the assignments of error, we reverse the decision of the lower court. Appellant, Delmer James, asserts the following assignment of error on appeal:
 {¶ 2} "James' sentence was unconstitutional under Foster
because the trial court made findings of fact in imposing consecutive sentences that were not the shortest term available."
 {¶ 3} Appellant sought a delayed appeal of his conviction and sentence, which was granted by this court on March 17, 2006. Therefore, at the time that the Ohio Supreme Court rendered its decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, this case was pending on appeal.
 {¶ 4} Prior to State v. Foster, supra, consecutive sentences could only be imposed if the court found pursuant to R.C. 2929.14(E)(4) that consecutive sentences are necessary to protect the public or to punish the offender, are not disproportionate to the seriousness of the crime, and are based on the circumstances of the offense or the offender's criminal history. However, this statute was declared unconstitutional inState v. Foster, supra, ¶ 97. As a result, the trial court's judgment is void insofar as it imposed consecutive sentences based upon these findings. Id., ¶ 103 and 104. Appellant's sole assignment of error is well-taken.
 {¶ 5} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Lucas County Court of Common Pleas is vacated in part. This case is remanded to the lower court for a resentencing hearing solely on the issue of whether consecutive sentences should be imposed under the non-severed portions of Ohio's sentencing statutes. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT VACATED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J., Singer, P.J., Concur.